UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CRISPIAN ATKINS,
HENRY BELL,
GRACE ALMONTE,
CHRISTOPHER WILLIAMSON,
WILLIE BEARD,
FRANKLIN REVELS,
VALERIA WALKER
TREMAYNE EDDINGS,
KATRINA OSBORNE,
NATASHA MARTIN,
CAMERON ATKINS,
DERRICK STEPHENSON, and
VIRGIL THOMAS

CASE NO. 8 : 25-cr-463-JSM-NHA
18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)
18 U.S.C. § 1343
(Wire Fraud)
18 U.S.C. § 1028(A)
(Aggravated Identity Theft)

SEALED

SEP 23 2025 PM1:09
FILED - USDC - FLMD - TPA

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

**A.    Introduction**

At times material to this Indictment:

1.    Defendant CRISPIAN ATKINS, a resident of Florida, maintained a business account ending in 0543 at Financial Institution #1.

2.    Defendant HENRY BELL, a resident of Florida, maintained an account ending in 6268 at Financial Institution #2.

3.    Defendant GRACE ALMONTE, a resident of Florida, maintained an account ending in 1715 at Financial Institution #3.

4.    Defendant CHRISTOPHER WILLIAMSON, a resident of Florida, maintained an account ending in 6583 at Financial Institution #4.

5.    Defendant WILLIE BEARD, a resident of Florida, maintained an account ending in 4861 at Financial Institution #5.

6.    Defendant FRANKLIN REVELS, a resident of Florida, maintained an account ending in 3021 at Financial Institution #6.

7.    Defendant VALERIA WALKER, a resident of Georgia, maintained an account ending in 0806 at Financial Institution #7.

8.    Defendant TREMAYNE EDDINGS, a resident of Florida, maintained an account ending in 1955 at Financial Institution #8.

9.    Defendant KATRINA OSBORNE, a resident of Florida, maintained an account ending in 2811 at Financial Institution #5.

10.    Defendant NATASHA MARTIN, a resident of Florida, maintained an account ending in 2339 at Financial Institution #9.

11.    Defendant CAMERON ATKINS, a resident of Missouri, maintained an account ending in 7937 at Financial Institution #10.

12.    Defendant DERRICK STEPHENSON, a resident of Florida, maintained an account ending in 2802 at Financial Institution #7.

13.    Defendant VIRGIL THOMAS, a resident of Texas, maintained a business account ending in 4764 at Financial Institution #7.

14.    Advanced Technology Solutions of Georgia, LLC ("ATS-GA") and Advanced Technology Solutions of Florida, LLC ("ATS-FL") were companies registered in Florida (collectively, "ATS"). Defendant CRISPIAN ATKINS was the managing member of ATS-GA and authorized to do business on its behalf. Defendants CRISPIAN ATKINS and VIRGIL THOMAS were managing members of ATS-FL and authorized to conduct business on its behalf.

15.    Advanced Technology Innovations, LLC ("ATI") was a company registered in Florida. Defendant CRISPIAN ATKINS was the President and authorized to conduct business on its behalf. ATI maintained an account ending in 0543 at Financial Institution #1, which defendant CRISPIAN ATKINS maintained and had signatory authority.

16.    Holden Security Group LLC ("HSG") was a company registered in Florida. Defendants CRISPIAN ATKINS and TREMAYNE EDDINGS were managing members and authorized to conduct business on its behalf.

17.    Calovi LLC was a company registered in Georgia. Defendant VIRGIL THOMAS was the sole owner and authorized to conduct business on its behalf. Calovi LLC maintained an account ending in 4764 at Financial Institution #7, which defendant VIRGIL THOMAS maintained and had signatory authority.

14.    Financial Institution #1, headquartered in South Dakota, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

3

15.     Financial Institution #2, headquartered in Florida, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

16.     Financial Institution #3, headquartered in New York, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

17.     Financial Institution #4, headquartered in Pennsylvania, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

18.     Financial Institution #5, headquartered in Florida, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

19.     Financial Institution #6, headquartered in Florida, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

20.     Financial Institution #7, headquartered in Virginia, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

21.     Financial Institution #8, headquartered in Texas, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

22.     Financial Institution #9, headquartered in North Carolina, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

23.     Financial Institution #10, headquartered in Missouri, had computer servers used for processing financial transactions, including wire transfers, which servers were located outside Florida.

24.     Victim 1 was a staffing company in Nevada that, among other things, provided employment and payroll services for clients.

25.     Victim 2 was a company in Florida that, among other things, provided financial funding for clients.

26.     Victim 3 was a staffing company in Pennsylvania that, among other things, provided employment and payroll services for clients.

27.     Victim 4 was a staffing company in Florida that, among other things, provided employment and payroll services for clients.

28.     Victim 5 was a staffing company in California that, among other things, provided employment and payroll services for clients.

29.     Victim 6 was a staffing company in Massachusetts that, among other things, provided employment and payroll services for clients.

30.     Victim 7 was a staffing company in Minnesota that, among other things, provided employment and payroll services for clients.

31.     Victim 8 was a staffing company in Florida that, among other things, provided employment and payroll services for clients.

### B.    The Conspiracy

26.    Beginning on an unknown date, but no later than in or around
May 2021, and continuing through at least in or around March 2024, in the
Middle District of Florida and elsewhere, the defendants,

CRISPIAN ATKINS,
HENRY BELL,
GRACE ALMONTE,
CHRISTOPHER WILLIAMSON,
WILLIE BEARD,
FRANKLIN REVELS,
VALERIA WALKER
TREMAYNE EDDINGS,
KATRINA OSBORNE,
NATASHA MARTIN,
CAMERON ATKINS,
DERRICK STEPHENSON, and
VIRGIL THOMAS

did knowingly and willfully combine, conspire, confederate, and agree with each
other and others, both known and unknown to the Grand Jury, to commit wire
fraud, in violation of 18 U.S.C. § 1343.

### C.    Manner and Means

27.    The manner and means by which the conspirators sought to
accomplish the objects of the conspiracy included, among others, the following:

a.    It was a part of the conspiracy that the conspirators would
and did contact victim-companies, via telephone and email, and request payroll
services or financial funding;

b.    It was further part of the conspiracy that the conspirators
would and did falsely and fraudulently represent that the conspirators needed the

victim-companies services to fulfill existing contracts with other businesses for Information Technology ("IT") related work;

c.    It was further part of the conspiracy that based on these misrepresentations, the conspirators would and did induce the victim-companies to agree to provide payroll services or financial funding;

d.    It was further part of the conspiracy that the conspirators would and did provide co-conspirators' personal information to victim-companies, including, but not limited to, names and bank account information, and represented that those conspirators would perform the IT-related work as "temporary employees;"

e.    It was further part of the conspiracy that conspirators would and did submit false and fraudulent timesheets to the victim-companies that reflected each "temporary employee's" work purportedly performed on the contracts for IT-related services;

f.    It was further part of the conspiracy that based on those false and fraudulent timesheets, the conspirators would and did cause victim-companies to wire and send currency to accounts controlled by conspirators;

g.    It was further part of the conspiracy that conspirators would and did transfer fraudulently-obtained proceeds to other accounts, including accounts belonging to a co-conspirator;

h.      It was further part of the conspiracy that conspirators would and did withdraw fraudulently-obtained proceeds in cash in order to conceal and disguise the source of, and to hinder any efforts to locate, those proceeds;

i.      It was further part of the conspiracy that conspirators would and did share in the fraudulently-obtained proceeds; and

j.      It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide and conceal, and cause to be misrepresented, hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.      Overt Acts

28.    In furtherance of the conspiracy and to effect its objects, the conspirators committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

a.      In or about May 2021, defendant CRISPIAN ATKINS contacted Victim 1 and requested payroll services. ATKINS represented that his business, ATS-GA, had contracts with two Florida entities to perform IT-related work.

b.      Between in or about May 2021, and in or about December 2021, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 1, reflecting work purportedly performed by "temporary employees" (i) CRISPIAN ATKINS, (ii) HENRY BELL, (iii) GRACE ALMONTE, (iv) CHRISTOPHER WILLIAMSON, (v) WILLIE BEARD,

8

(vi) FRANKLIN REVELS, (vii) VALERIA WALKER, (viii) TREMAYNE EDDINGS, (ix) Stephanie Atkins, (x) KATRINA OSBORNE, (xi) NATASHA MARTIN, and (xii) CAMERON ATKINS.

        c.      Between on or about May 21, 2021, and on or about December 10, 2021, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 1, via another company, to financial accounts maintained by defendants (i) CRISPIAN ATKINS, (ii) HENRY BELL, (iii) GRACE ALMONTE, (iv) CHRISTOPHER WILLIAMSON, (v) WILLIE BEARD, (vi) FRANKLIN REVELS, (vii) VALERIA WALKER, (viii) TREMAYNE EDDINGS, (ix) KATRINA OSBORNE, (x) NATASHA MARTIN, and (xi) CAMERON ATKINS. The total amount transmitted was $859,432.55.

        d.      In or about December 2021, CRISPIAN ATKINS communicated with Victim 2 and requested financial funding. ATKINS represented that his business, ATI, had a contract with a California company, to perform IT-related work.

        e.      Between in or about January 2022, and in or about February 2022, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 2 reflecting work purportedly performed by "temporary employees" (i) CRISPIAN ATKINS, (ii) GRACE ALMONTE, (iii) CAMERON ATKINS, (iv) Stephanie Atkins, (v) HENRY BELL, and (vi) TREMAYNE EDDINGS.

f.      Between on or about January 3, 2022, and on or about February 10, 2022, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 2 to a financial account maintained by defendant CRISPIAN ATKINS, to be disbursed to the "temporary employees." The total amount transmitted was $341,790.55.

g.      In or about March 2022, CRISPIAN ATKINS contacted Victim 3 and requested payroll services. ATKINS represented that his business, ATS-GA, had a contract with another company to perform IT-related work.

h.      Between in or about October 2022, and in or about January 2023, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 3 reflecting work purportedly performed by "temporary employees" (i) HENRY BELL, (ii) TREMAYNE EDDINGS, (iii) Stephanie Atkins, and (iv) CAMERON ATKINS.

i.      Between on or about October 3, 2022, and on or about January 17, 2023, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 3 to a financial account maintained by defendants (i) CRISPIAN ATKINS and (ii) TREMAYNE EDDINGS, to be disbursed to the "temporary employees." The total amount transmitted was $399,525.00.

j.      In or about February 2023, CRISPIAN ATKINS contacted Victim 4 and requested payroll services. ATKINS represented that his business, ATS-FL, had a contract with another company to perform IT-related work.

10

k.      Between in or about February 2023, and in or about June 2023, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 4 reflecting work purportedly performed by "temporary employees" (i) CRISPIAN ATKINS, (ii) HENRY BELL, (iii) GRACE ALMONTE, (iv) WILLIE BEARD, (v) FRANKLIN REVELS, (vi) TREMAYNE EDDINGS, (vii) Stephanie Atkins, and (viii) DERRICK STEPHENSON.

l.      Between on or about February 22, 2023, and on or about June 23, 2023, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 4 to financial accounts maintained by defendants (i) CRISPIAN ATKINS, (ii) HENRY BELL, (iii) GRACE ALMONTE, (iv) WILLIE BEARD, (v) FRANKLIN REVELS, (vi) TREMAYNE EDDINGS, and (vii) DERRICK STEPHENSON. The total amount transmitted was $494,574.44.

m.      In or about August 2023, CRISPIAN ATKINS contacted Victim 5 and requested payroll services. ATKINS represented that his business, ATS-GA, had a contract with another company to perform IT-related work.

n.      Between in or about September 2023, and in or about October 2023, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 5 reflecting work purportedly performed by "temporary employees" (i) HENRY BELL, (ii) FRANKLIN REVELS, (iii) Stephanie Atkins, (iv) TREMAYNE EDDINGS, and (v) VIRGIL THOMAS.

o.      Between on or about September 8, 2023, and on or about October 27, 2023, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 5 to financial accounts maintained by defendants (i) HENRY BELL, (ii) FRANKLIN REVELS, (iii) TREMAYNE EDDINGS, and (iv) VIRGIL THOMAS. The total amount transmitted was $143,018.01.

p.      In or about November 2023, CRISPIAN ATKINS contacted Victim 6 and requested payroll services. ATKINS represented that his business, ATS, had a contract with another company to perform IT-related work.

q.      Between in or about December 2023, and in or about January 2024, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 6 reflecting work purportedly performed by "temporary employees" (i) CRISPIAN ATKINS, (ii) HENRY BELL, and (iii) VIRGIL THOMAS.

r.      Between on or about December 3, 2023, and on or about January 19, 2024, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 6 to financial accounts maintained by defendants (i) CRISPIAN ATKINS, (ii) HENRY BELL, and (iii) VIRGIL THOMAS. The total amount transmitted was $76,013.06.

s.      In or about November 2023, CRISPIAN ATKINS contacted a staffing agency, which subcontracted with Victim 7, and requested payroll services. ATKINS represented that his business, ATS-FL, had a contract with another company to perform IT-related work.

t.      Between in or about December 2023, and in or about January 2024, defendant CRISPIAN ATKINS submitted fraudulent timesheets to the staffing agency reflecting work purportedly performed by "temporary employees" (i) CRISPIAN ATKINS, (ii) HENRY BELL, and (iii) VIRGIL THOMAS.

u.      Between on or about December 10, 2023, and on or about January 7, 2024, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 7 to financial accounts maintained by defendants (i) CRISPIAN ATKINS, (ii) HENRY BELL, and (iii) VIRGIL THOMAS. The total amount transmitted was $79,243.17.

v.      In or about January 2024, VIRGIL THOMAS contacted Victim 8 and requested payroll services. THOMAS introduced Victim 8 to ATKINS, who represented that his business, HSG, had a contract with another company to perform IT-related work.

w.      Between in or about February 2024, and March 2024, defendant CRISPIAN ATKINS submitted fraudulent timesheets to Victim 8 reflecting work purportedly performed by "temporary employees" (i) CRISPIAN ATKINS, (ii) HENRY BELL, (iii) DERRICK STEPHENSON, and (iv) VIRGIL THOMAS.

x.      Between on or about February 2, 2024, and on or about March 22, 2024, defendant CRISPIAN ATKINS caused to be transmitted by wire corresponding payments from Victim 8 to financial accounts maintained by

defendants (i) CRISPIAN ATKINS, (ii) HENRY BELL, (iii) DERRICK STEPHENSON, and (iv) VIRGIL THOMAS. The total amount transmitted was $69,396.03.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FOURTEEN
### (Wire Fraud)

### A.    Introduction

1.    The Grand Jury hereby realleges and incorporates by reference Paragraphs 1 through 26 of Count One of this Indictment as if fully set forth herein.

### B.    The Scheme and Artifice

2.    Beginning on an unknown date, but no later than in or around May 2021, and continuing through at least in or around March 2024, in the Middle District of Florida and elsewhere, the defendants,

CRISPIAN ATKINS,
HENRY BELL,
GRACE ALMONTE,
CHRISTOPHER WILLIAMSON,
WILLIE BEARD,
FRANKLIN REVELS,
VALERIA WALKER
TREMAYNE EDDINGS,
KATRINA OSBORNE,
NATASHA MARTIN,
CAMERON ATKINS,
DERRICK STEPHENSON, and
VIRGIL THOMAS

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C.    Manner and Means

3.    The Grand Jury hereby realleges and incorporates by reference Paragraph 27 of Count One of this Indictment as if fully set forth herein.

### D.    Execution of the Scheme

4.    On or about the dates set forth below in each count, in the Middle District of Florida and elsewhere, the defendants,

CRISPIAN ATKINS,
HENRY BELL,
GRACE ALMONTE,
CHRISTOPHER WILLIAMSON,
WILLIE BEARD,
FRANKLIN REVELS,
VALERIA WALKER
TREMAYNE EDDINGS,
KATRINA OSBORNE,
NATASHA MARTIN,
CAMERON ATKINS,
DERRICK STEPHENSON, and
VIRGIL THOMAS

for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs,

signals, pictures, and sounds described below, each transmission constituting a separate count:

| Count | Date of Wire | Defendant(s) | Description of Wire |
|-------|--------------|--------------|---------------------|
| TWO | 11-26-2021 | CRISPIAN ATKINS | An interstate wire effectuating a direct deposit of $14,208.07 into an account ending in 0543 at Financial Institution #1. |
| THREE | 8-27-2021 | CRISPIAN ATKINS and HENRY BELL | An interstate wire effectuating a direct deposit of $3,079.81 into an account ending in 6268 at Financial Institution #2. |
| FOUR | 7-16-2021 | CRISPIAN ATKINS and GRACE ALMONTE | An interstate wire effectuating a direct deposit of $3,694.00 into an account ending in 1715 at Financial Institution #3. |
| FIVE | 5-21-2021 | CRISPIAN ATKINS and CHRISTOPHER WILLIAMSON | An interstate wire effectuating a direct deposit of $3,139.90 into an account ending in 6583 at Financial Institution #4. |
| SIX | 6-11-2021 | CRISPIAN ATKINS and WILLIE BEARD | An interstate wire effectuating a direct deposit of $2,590.23 into an account ending in 4861 at Financial Institution #5. |
| SEVEN | 6-10-2021 | CRISPIAN ATKINS and FRANKLIN REVELS | An interstate wire effectuating a direct deposit of $2,496.80 into an account ending in 3021 at Financial Institution #6. |

| Count | Date of Wire | Defendant(s) | Description of Wire |
|---|---|---|---|
| EIGHT | 8-26-2021 | CRISPIAN ATKINS and VALERIA WALKER | An interstate wire effectuating a direct deposit of $3,139.90 into an account ending in 0806 at Financial Institution #7. |
| NINE | 11-26-2021 | CRISPIAN ATKINS and TREMAYNE EDDINGS | An interstate wire effectuating a direct deposit of $6,175.42 into an account ending in 1955 at Financial Institution #8. |
| TEN | 08-06-2021 | CRISPIAN ATKINS and KATRINA OSBORNE | An interstate wire effectuating a direct deposit of $2,879.23 into an account ending in 2811 at Financial Institution #5. |
| ELEVEN | 10-15-2021 | CRISPIAN ATKINS and NATASHA MARTIN | An interstate wire effectuating a direct deposit of $2,360.80 into an account ending in 2339 at Financial Institution #9. |
| TWELVE | 10-15-2021 | CRISPIAN ATKINS and CAMERON ATKINS | An interstate wire effectuating a direct deposit of $2,295.80 into an account ending in 7937 at Financial Institution #10. |
| THIRTEEN | 2-23-2023 | CRISPIAN ATKINS and DERRICK STEPHENSON | An interstate wire effectuating a direct deposit of $3,268.41 into an account ending in 2802 at Financial Institution #7. |
| FOURTEEN | 9-8-2023 | CRISPIAN ATKINS and VIRGIL THOMAS | An interstate wire effectuating a direct deposit of $2,906.31 into an account ending in 4764 at Financial Institution #7. |

In violation of 18 U.S.C. §§ 1343 and 2.

## COUNT FIFTEEN
### (Aggravated Identity Theft)

On or about October 26, 2021, in the Middle District of Florida and elsewhere, the defendant,

CRISPIAN ATKINS,

did knowingly use, without lawful authority, a means of identification of another person, specifically, the name and signature of a person with initials "M.B.," during and in relation to a felony violation of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT SIXTEEN
### (Aggravated Identity Theft)

On or about November 22, 2021, in the Middle District of Florida and elsewhere, the defendant,

CRISPIAN ATKINS,

did knowingly use, without lawful authority, a means of identification of another person, specifically, the name and signature of a person with initials "M.R.," during and in relation to a felony violation of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of this Indictment, and wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Two of this Indictment, knowing that such means of identification belonged to an actual

person.

In violation of 18 U.S.C. § 1028A(a)(1).

## **FORFEITURE**

1.       The allegations contained in Counts One through Fourteen of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.       Upon a conviction of conspiracy to commit wire fraud and/or wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.       The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of $2,462,992.81, which represents proceeds obtained from the offenses.

4.       If any of the property described above, as a result of any act or omission of the defendant:

a.       cannot be located upon the exercise of due diligence;

b.       has been transferred or sold to, or deposited with, a third party;

c.       has been placed beyond the jurisdiction of the court;

d.       has been substantially diminished in value; or

e.     has been commingled with other property which cannot be

divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By:   _____

Ross Roberts
Assistant United States Attorney

By:   _____

Carlton C. Gammons
Assistant United States Attorney
Chief, Economic Crimes Section

20

No.

# UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## CRISPIAN ATKINS, et al

## INDICTMENT

Violations:   18 U.S.C. § 1349
              18 U.S.C. § 1343
              18 U.S.C. § 1028(A)

A true bill.

_____
                Foreperson

Filed in open court this 23rd day

of September, 2025.

_____
                Clerk

Bail $_____